UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CIVIL ACTION NO. 3:25-CV-453-JHM

CARMINE JAMES PRINZO                                                PLAINTIFF

V.

KENTUCKY CHILD SUPPORT ENFORCEMENT
DIVISION, *et al.*                                                  DEFENDANTS

<u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the Court on initial review of Plaintiff Carmine James Prinzo's *pro se* civil action pursuant to 28 U.S.C. § 1915(e)(2).  For the reasons set forth below, the Court will dismiss this action.

**I.**

After filing the complaint, Plaintiff filed a motion to join additional parties under Federal Rule of Civil Procedure 20 [DN 10] and a motion for judicial notice and supplement to the complaint [DN 11].  The Court construes these motions as an amended complaint and a supplemental complaint which do not need approval of the Court prior to responsive pleadings being filed.  Fed. R. Civ. P. 15(a)(1).  **As such, because approval is not required at this time, the motions [DN 10, DN 11] are DENIED as moot.**  The Court has considered these motions as amended and supplemental complaints [DN 10, DN 11] in conducting its initial review pursuant to § 1915(e)(2).

Plaintiff filed additional motions related to his claims.  [DN 4, DN 12, DN 13].  The Court has read these motions and has considered them in as much as they impact the Court's initial review.

## II.

Plaintiff initiated this 42 U.S.C. § 1983 civil-rights action asserting claims arising out of state family court and criminal proceedings. [DN 1; DN 10]. In the complaint, amended complaint, and supplemental complaint, Plaintiff names the following as Defendants: Kentucky Child Support Enforcement Division ("CSED"), Kentucky Family Court (Jefferson County), John Does 1-10 in their individual and official capacities, the Kentucky Department of Child Support Services ("DCSS"), Governor Andy Beshear in his individual and official capacities, Joe Gaines, a private attorney involved in Plaintiff's family court proceedings, and the United States Department of Health and Human Services. [*Id.*].

Plaintiff alleges that he has been subject to two long-standing child support and custody cases in state family court proceedings and that in 2024, the Kentucky CSED entered a default order increasing his child support obligations without proper notice, hearing, or the ability to contest the charges. Plaintiff asserts that he was denied access to due process. Plaintiff maintains that he was also placed under surveillance and had his digital privacy violated. Plaintiff claims that these events constitute a pattern of forced neglect as he was denied equal custody and subjected to discrimination based on his gender. As a result of this alleged conduct, Plaintiff claims that Defendants violated his Fifth and Fourteenth Amendment due process rights, Seventh Amendment jury trial rights, Sixth Amendment right to face an accuser, Eighth Amendment prohibition against excessive fines and economic coercion, Fourteenth Amendment equal protection rights, and First Amendment freedom of petition and speech rights. In addition to his claims brought under § 1983, Plaintiff alleges that the CSED violated the Truth in Lending Act and that he is entitled to protection under the Whistleblower Protection Act. [DN 1].

In his amended and supplemental complaints [DN 10, DN 11], Plaintiff alleges that the Kentucky DCSS, Governor Beshear, Gaines, and the United States Department of Health and Human Services are liable for the alleged unconstitutional conduct set forth above because of "the dissolution of the previous IV-D program and the creation of the new division" under Kentucky Senate Bill 244 signed into law by Governor Beshear and effective July 1, 2025. Plaintiff also asserts that Senate Bill 244 is an attempt to divert federal oversight, avoid financial liability, and suppress constitutional claims. [DN 11 at 1].

As relief, Plaintiff seeks damages, an order enjoining further enforcement or garnishment actions, declaratory relief staying current enforcement mechanisms, and injunctive relief halting interest accrual, wage garnishment, and future default enforcement. [DN 1 at 3].

### III.

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the complaint under 28 U.S.C. § 1915(e). *McGore v. Wrigglesworth*, 114 F.3d 601, 608–09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). On review, a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require [the Court] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court

from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

**IV.**

**A.  42 U.S.C. § 1983**

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001) (citation omitted). Two elements are required to state a claim under § 1983. *Id.* (citations omitted). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted).

"Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### 1. Kentucky CSED, Kentucky Family Court, and Kentucky DCSS

A state and its agencies are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Additionally, the Eleventh Amendment to the United States Constitution acts as a bar to all claims for relief against the Commonwealth of Kentucky. "[A] state and its agencies may not be sued in federal court, regardless of the relief sought, unless the state has waived its immunity or Congress has expressly abrogated [the] states' immunity." *LeBlanc v. Hagan*, No. 1:16-CV-00178-GNS, 2017 WL 2779490, at *6 (W.D. Ky. June 27, 2017); *see also Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 124 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978). The Commonwealth of Kentucky has not waived its immunity. *Adams v. Morris*, 90 F. App'x 856, 857 (6th Cir. 2004). Thus, Plaintiff's claims against the Kentucky CSED, the Kentucky Family Court, the Kentucky DCSS, and the Commonwealth of Kentucky must be dismissed for failure to state a claim upon which relief may be granted and as barred by the Eleventh Amendment. *See*, *e.g.*, *McKee v. Fayette Circuit Court*, No. 95-5011, 1995 WL 559331, at *2 (6th Cir. Sept. 20, 1995) (claim against circuit court barred by Eleventh Amendment); *Burnett v. Ky. Corr. Psychaitic [sic] Ctr.*, No. 0:16-CV-117-HRW, 2016 WL 6780327, at *2–3 (E.D. Ky. Nov. 15, 2016); *Fleet v. Commonwealth of Ky. Cabinet for Health & Family Servs.*, No. 3:15–CV–00476–JHM, 2016 WL 1241540, at *3 (W.D. Ky. Mar. 28, 2016) (citing *Hatfield v. Cabinet for Health & Family Servs.*, No. CIV. 5:13–222–KKC, 2014 WL 1246354, at *2 (E.D. Ky. Mar. 25, 2014)) (claim against CHFS barred by Eleventh Amendment); *Baltierra v. Fayette Circuit Court*, No. 5:13-398-

DCR, 2013 WL 6706002, at *2 n.2 (E.D. Ky. Dec. 18, 2013) ("As a constitutional arm of government, the circuit courts are entitled to Eleventh Amendment immunity.").

## 2. Official-Capacity Claims for Monetary Damages

Plaintiff sues Defendant Beshear and John Does 1-10 in their official capacity. Plaintiff identifies the John Does as employees of the Commonwealth of Kentucky. As such, they are state officials. Plaintiff's official-capacity claims against these Defendants fail for two reasons. First, state officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983. *Will*, 491 U.S. at 71. Thus, where Plaintiff seeks money damages from a state official in his official capacity, he fails to state a cognizable claim under § 1983. Second, Plaintiff's official-capacity claims against these Defendants also fail because claims against state officials in their official capacities for money damages are deemed claims against the Commonwealth of Kentucky and are, therefore, barred by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Thus, Plaintiff's official-capacity claims for monetary damages against these Defendants must be dismissed for failure to state a claim upon which relief may be granted and for seeking monetary damages from defendants who is immune from such relief.

## 3. Official-Capacity Claims for Declaratory and Injunctive Relief

Plaintiff seeks this Court's involvement in ongoing state family-court proceedings. However, *Younger v. Harris* "requires a federal court to abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings." *O'Neill v. Coughlan*, 511 F.3d 638, 643 (6th Cir. 2008) (citing *Younger v. Harris*, 401 U.S. 37, 40–41 (1971)). "The *Younger* abstention doctrine provides that a federal court should abstain from interfering in a state court action when (1) there is an ongoing state judicial proceeding, (2) the state proceeding implicates important state interests, and (3) there is an adequate opportunity in

the state proceedings to raise constitutional challenges." *Graves v. Mahoning Cnty.*, 534 F. App'x 399, 406 (6th Cir. 2013) (citing *Fieger v. Cox*, 524 F.3d 770, 775 (6th Cir. 2008); *American Family Prepaid Legal Corp. v. Columbus Bar Ass'n*, 498 F.3d 328, 332 (6th Cir. 2007)). All three factors supporting abstention are present in this case. The matters presented involve ongoing child support proceedings and related criminal proceedings and implicate important state interests in determining the welfare of a child and in prosecuting criminal activity. *See Zak v. Pilla*, 698 F.2d 800, 801 (6th Cir. 1982) (realm of domestic relations is an important state interest); *Izazaga v. Fleming*, No. 5:14-CV-00213-GNS, 2015 WL 1284158, at *3 (W.D. Ky. Mar. 18, 2015) (domestic relations); *Askew v. Ambrose*, No. 3:16-CV-798-CRS, 2017 WL 240086, at *3 (W.D. Ky. Jan. 19, 2017) (citing *Doscher v. Menifee Circuit Court*, No. 03-5229, 2003 WL 22220534, at *1 (6th Cir. Sept. 24, 2003) (criminal proceedings)). Additionally, there is no indication that the constitutional claims raised by Plaintiff could not be raised in his state-court proceedings. Therefore, the Court concludes that the *Younger* abstention doctrine prevents the Court from providing Plaintiff the relief he seeks.

To the extent that Plaintiff is challenging state-court proceedings that are no longer pending, under the *Rooker-Feldman* doctrine, "a federal court lacks jurisdiction to review a case litigated and decided in state court, as only the United States Supreme Court has jurisdiction to correct state court judgments." *Higgs v. Dupuis*, No. 5:19CV-192-TBR, 2021 WL 2270707, at *2 (W.D. Ky. June 3, 2021); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923). "A party raising a federal question must appeal a state court decision through the state system and then directly to the Supreme Court of the United States." *United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995). The "doctrine prevents a federal court from exercising jurisdiction over a claim alleging error in a state court decision." *Hall v.*

*Callahan*, 727 F.3d 450, 453 (6th Cir. 2013) (internal quotation marks and citation omitted). Plaintiff cannot seek to undo the outcome of a state court proceeding in this Court. *Higgs*, 2021 WL 2270707, at *2; *see also Schriber v. Sturgill*, No. 4:21-CV-49-JHM, 2021 WL 2149215, at *2 (W.D. Ky. May 26, 2021).

Accordingly, the official-capacity claims for injunctive and declaratory relief must be dismissed as barred by the *Younger* and *Rooker-Feldman* abstention doctrines.

### 4. United States Department of Health and Human Services

Plaintiff has not asserted a viable claim against the United States Department of Health and Human Services. Plaintiff cannot sue the United States Department of Health and Human Services under § 1983 because it acts under color of *federal* law, not *state* law. *Franklin v. Henderson*, No. 00–4611, 15 F. App'x 205, 207 (6th Cir. 2001) ("The federal government and its officials are not subject to suit under 42 U.S.C. § 1983."); *see also Gonzalez v. United States*, No. 6:18-CV-265-REW, 2019 WL 5790951, at *2 n. 4 (E.D. Ky. Nov. 6, 2019).

Moreover, even if the Court were to construe these claims against the United States Department of Health and Human Services as ones filed under the authority of *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 390–97 (1971), because it is filed against the agency, it would be barred by sovereign immunity. *See Franklin*, 15 F. App'x at 207; *Smith v. United States Postal Serv.*, No. 20-CV-12578, 2020 WL 6146853, at *2 (E.D. Mich. Oct. 20, 2020) ("A *Bivens* action may not be brought against an agency of the United States.").

As such, Plaintiff's claims against the United States Department of Health and Human Services must be dismissed because they fail to state a claim for which relief can be granted.

### 5.  Individual-Capacity Claims

#### a.  Joe Gaines

Plaintiff sues Joe Gaines as a defendant and identifies him as a private attorney involved in Plaintiff's family court proceedings.  [DN 10].  Defendant Gaines is not a state actor for purposes of § 1983.  *Otworth v. Vanderploeg*, 61 F. App'x 163, 165 (6th Cir. 2003) ("A lawyer representing a client is not, by virtue of being an officer of the court, a state actor under color of state law within the meaning of § 1983."); *McBee v. Campbell Cnty. Det. Ctr.*, No. 17-5481, 2018 WL 2046303, at *4 (6th Cir. Mar. 15, 2018) ("[A]public defender [ ] is [ ] not subject to liability under § 1983 as she 'does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.'") (citation omitted).  The law is clear that "[a] plaintiff may not proceed under § 1983 against a private party 'no matter how discriminatory or wrongful' the party's conduct."  *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)).  Therefore, Plaintiff's § 1983 claims against Defendant Gaines must be dismissed for failure to state a claim upon which relief may be granted.

#### b.  John Does

Plaintiff also sues John Does in their individual capacities.  Plaintiff represents that these Defendants "are employees, agents, or officers of CSED or Family Court who acted under color of law and contributed to the violations alleged herein."  [DN 1 at 1].  Plaintiff also indicates that these Defendants are "employees, agents, judges, clerks, and affiliated individuals."  [DN 1-1 at 1].  Plaintiff complains that his constitutional rights were violated by these individuals' actions and conduct associated with filings, orders, and financial compliance in his state-court child support enforcement civil and criminal cases and *possibly* child custody cases (that may or

may not be in Kentucky).  [DN 1, DN 4].

In as much as Plaintiff is suing unknown judges, Plaintiff's claim would be subject to dismissal because judges enjoy immunity for their alleged conduct in Plaintiff's state-court actions. "It is well established that judges are entitled to absolute judicial immunity from suits for money damages for all actions taken in the judge's judicial capacity, unless these actions are taken in the complete absence of any jurisdiction." *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) (citing *Mireles v. Waco*, 502 U.S. 9 (1991) (*per curiam*)).  Judicial immunity is embedded in the long-established principle that "a judicial officer, in exercising the authority vested in him, [should] be free to act upon his own convictions, without apprehension of personal consequences to himself." *Stump v. Sparkman*, 435 U.S. 349, 355 (1978).  A judge is entitled to immunity from suit even when accused of acting in bad faith, maliciously, or corruptly.  *Mireles*, 502 U.S. at 11.  Plaintiff has not identified any actions by any unknown judges taken outside of their capacity as a judge. Thus, because Plaintiff's allegations against any unknown judges relate solely to actions taken in their judicial capacity, Plaintiff's individual-capacity claims against them are subject to dismissal for failure to state a claim upon which relief may be granted and for seeking relief from a defendant who is immune from such relief.

In as much as Plaintiff is suing the clerk's office, judicial staff, or court personnel, Plaintiff's claims are subject to dismissal as well.  "Absolute judicial immunity is extended to non-judicial officers who perform 'quasi-judicial' duties." *MacArthur v. Eaton Cnty. 56A Dist. Ct.*, No. 1:21-CV-775, 2021 WL 4621778, at *3 (W.D. Mich. Oct. 7, 2021).  "Quasi-judicial immunity extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune." *Bush v. Rauch*, 38 F.3d 842 (6th Cir. 1994) (probate court administrator entitled to quasi-judicial immunity for his

role in carrying out the orders of the court).  A court clerk or a clerk's office employee "who performs tasks that are an integral part of the judicial process is entitled to absolute quasi-judicial immunity from suits for damages." *McGee v. United States*, No. 1:10-CV-521, 2010 WL 3211037, at *2 (S.D. Ohio Aug. 12, 2010) (citing *Gallagher v. Lane*, 75 F. App'x 440, 441 (6th Cir. 2003)). "'When a clerk files or refuses to file a document with the court, he is entitled to immunity, provided the acts complained of are within the clerk's jurisdiction.'" *McGee*, 2010 WL 3211037, at *2 (quoting *Harris v. Suter*, 3 F. App'x 365, 366 (6th Cir. 2001) (per curiam) (citing *Mullis v. U.S. Bankr. Ct. for the Dist. of Nevada*, 828 F.2d 1385, 1390 (9th Cir. 1987))).  Thus, because Plaintiff's allegations stem from actions and functions "related to the judicial process and fall squarely within the scope of . . . quasi-judicial immunity," *McGee*, 2010 WL 3211037, at *3, these John Doe Defendants are entitled to absolute quasi-judicial immunity, and Plaintiff's claims against them must be dismissed for seeking monetary relief against a defendant who is immune from such relief.

Finally, in as much as Plaintiff sues social workers with the Kentucky CSED and the Kentucky DCSS, it is well established that "social workers who initiate judicial proceedings against those suspected of child abuse or neglect perform a prosecutorial duty, and so are entitled to absolute immunity." *Rippy v. Hattaway*, 270 F.3d 416, 421 (6th Cir. 2001).  Furthermore, "the submission of an affidavit that triggers judicial child-removal proceedings is in fact an act of legal advocacy by social workers." *Bauch v. Richland Cnty.*, 733 F. App'x 292, 296 (6th Cir. 2018) (citing *Barber v. Miller*, 809 F.3d 840, 843 (6th Cir. 2015)).  "The Sixth Circuit has also repeatedly held that social workers are absolutely immune for actions that are 'intimately associated' with the judicial phase of proceedings relating to the welfare of the child." *Lunsford v. Kentucky Cabinet for Health & Fam. Servs.*, No. CIV.A. 12-136-DLB, 2012 WL 2880577, at *6 (E.D. Ky. July 13,

2012) (citing *Rippy*, 270 F.3d at 422).  This immunity would prohibit any claim against Defendants based upon their function of advising the court regarding the best interests of the children, the amount of child support owed, or flagrant non-support issues, "even if they were "incorrect in [their] assessment" or "made intentional misrepresentations in [their] report and recommendation." *Lunsford*, 2012 WL 2880577, *6 (citing *Pittman v. Cuyahoga Cnty. Dep't of Children & Family Servs.*, 640 F.3d 716, 726 (6th Cir. 2011)); *see also Morgan v. Kentucky*, No. 3:23-CV-594-DJH, 2024 WL 2884568, at *3 (W.D. Ky. June 7, 2024).  Because Plaintiff's claims against such John Doe Defendants are based on actions taken in Plaintiff's state-court child custody or child support enforcement proceedings, these Defendants are also immune from suit, and these claims must also be dismissed for failure to state a claim upon which relief may be granted.

### c. Governor Beshear

First, Plaintiff alleges that Governor Beshear is liable for the alleged unconstitutional conduct set forth above because of "the dissolution of the previous IV-D program and the creation of the new division" under Kentucky Senate Bill 244 signed into law by Governor Beshear and effective July 1, 2025.  Plaintiff alleges no personal involvement of Governor Beshear in Plaintiff's state-court child support enforcement or custody cases.  The doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80–81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). "Because § 1983 liability cannot be imposed under a theory of respondeat superior, proof of personal involvement is required for a supervisor to incur personal liability." *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 n.3 (6th Cir. 2005).  "At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the

unconstitutional conduct of the offending subordinate." *Bellamy*, 729 F.2d at 421. The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008); *Owens v. Williams*, No. 5:23-CV-P127-JHM, 2024 WL 102995, at *3 (W.D. Ky. Jan. 9, 2024). Thus, any of Plaintiff's claims against Governor Beshear individually, based solely on a supervisory role, are subject to dismissal for failure to state a claim upon which relief may be granted.

Second, Plaintiff asserts a claim against Governor Beshear because he signed a particular law. "[M]embers of the executive branch while acting in a legislative capacity are immune from lawsuits which attempt to impose any form of liability, including claims for declaratory relief, damages, or retrospective or prospective injunctive relief." *Carver v. Commonwealth of Kentucky*, No. 1:16-CV-P6-GNS, 2016 WL 3963999, at *3 (W.D. Ky. July 19, 2016) (citing *Bogan v. Scott-Harris*, 523 U.S. 44, 54 (1998); *Tenney v. Brandhove*, 341 U.S. 367 (1951); *Alia v. Mich. Supreme Ct.*, 906 F.2d 1100, 1102 (6th Cir. 1990); *Haskell v. Washington Twp.*, 864 F.2d 1266, 1277 (6th Cir. 1988)). Thus, because Plaintiff's claims against Governor Beshear which are based on a law he signed, these claims are barred by immunity. "A state governor is protected by the doctrine of legislative immunity for [his] decision to sign, or to refuse to sign, any particular piece of legislation." *Lawson v. Brousseau*, No. 4:06-CV-33, 2006 WL 1362913, at *4 (W.D. Mich. May 18, 2006).

For these reasons, the individual-capacity claims against Governor Beshear must be dismissed.

## B.  Truth in Lending Act

In addition to his § 1983 claim, Plaintiff alleges that "[b]y imposing compound interest and debt practices outside statutory limits, CSED has violated consumer protection statutes including

[the Truth in Lending Act]," 15 U.S.C. § 1601, *et seq*.  [DN 1].  Plaintiff also states that this claim relates to CSED's enforcement of child support payments "through credit card use under compulsion without clear disclosure or due contract."  [DN 1-2 at 2].

The purpose of the Truth in Lending Act is "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices."  15 U.S.C. § 1601.  Plaintiff does not allege that Defendant Kentucky CSED offered him credit, and it is unclear how permitting Plaintiff to pay his child support obligations via a credit card violates the Truth in Lending Act.  Plaintiff also fails to identify what section of the Act was allegedly violated.  Plaintiff's conclusory statements that Defendant Kentucky CSED violated a federal statute in connection with his underlying child support proceedings do not suffice to state a claim.  *See*, *e.g.*, *McGee v. Dep't of Child Support Servs. State Hearing Off.*, No. 16-CV-02626-MEJ, 2016 WL 5339801, at *4 (N.D. Cal. Sept. 23, 2016); *Jackson v. Santander Consumer USA*, No. 1:11-CV-2867-AT-JFK, 2011 WL 13318951, at *3 (N.D. Ga. Sept. 12, 2011), report and recommendation adopted, No. 1:11-CV-2867-AT, 2011 WL 13318945 (N.D. Ga. Nov. 14, 2011).

For these reasons, Plaintiff's claim against Defendant Kentucky CSED for violating the Truth in Lending Act must be dismissed for failure to state a claim for which relief may be granted.

### C.  Whistleblower Protection Act

Plaintiff claims that he is entitled to the protection of the Whistleblower Protection Act. [DN 1].  In his motion for emergency injunctive relief, Plaintiff states that he "has filed and is finalizing a whistleblower report against multiple state actors for fraud, systemic misconduct, and retaliation."  [DN 4 at 2].  Plaintiff further asserts that "[r]etaliatory enforcement during the

pendency of this investigation may constitute further violation of whistleblower protection laws, including KRS 61.102 [Kentucky Whistleblower Act] and the federal Whistleblower Protection Act." [DN 4 at 2]. The Whistleblower Protection Act "'protects government employees from being punished for disclosing potentially embarrassing information about the operation of government.'" *Callan v. Fischer*, No. 3:16-CV-734, 2016 WL 6886870, at *2 (W.D. Ky. Nov. 19, 2016) (quoting *Weber v. Dep't of Army*, 9 F.3d 97, 101 (Fed. Cir. 1993)); 5 U.S.C. § 1221. "It does not apply to private citizens, nor does it afford protection to individuals who are not employees of the entity on which they seek to blow the whistle." *Callan*, 2016 WL 6886870, at *2; *see also Hopson v. Cunningham*, No. 3:13-CV-226-H, 2013 WL 3790908, at *2 (W.D. Ky. July 19, 2013). Similarly, the Kentucky Whistleblower Act "is intended to protect [a public employee] from retaliation when they disclose or report wrongdoing" of their employer. *Harmon v. Green-Taylor Water Dist.*, No. 1:17-CV-00071-GNS, 2017 WL 2312695, at *2 (W.D. Ky. May 26, 2017); Ky. Rev. Stat. § 61.102. Plaintiff fails to allege that he is an employee of any of the entities he has sued. Thus, these statutes do not apply to the facts alleged by Plaintiff, and Plaintiff's Whistleblower Protection Act and Kentucky Whistleblower Act claims must be dismissed for failure to state a claim.

## V.

The Court will enter a separate Order consistent with this Memorandum Opinion and Order.

Date: August 4, 2025

*Joseph H. McKinley*

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:     Plaintiff, *pro se*
4414.014

-15-